UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS INC,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL LEAGUE OF LATIN AMERICAN CITIZENS, et al.,<br><br>Defendants. | Case No. 13-cv-04725-JSC<br><br>**ORDER TO PLAINTIFF RE: DEFENDANT JAN TUCKER** |

Plaintiff League of United Latin American Citizens, Inc. brings this trademark infringement action against Defendants National League of Latin American Citizens, Bernardo Eureste, Angel G. Luevano, Argentina Davila-Luevano, and Jan B. Tucker. Now pending before the Court are several motions to dismiss and motions to strike. (Dkt. Nos. 28-31.) Each Defendant—except Tucker—has appeared in this action and has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 19-22.)

As an initial matter, it is not entirely clear from the record that Tucker has been properly served. (*See* Dkt. No. 14-4 (attaching to a Case Management Statement an affidavit asserting substitute service was effected on Tucker on April 15, 2014 after two attempts to serve him at his office)); *see also Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made") (internal quotation marks omitted). Plaintiff has not moved for entry of default against Tucker. If Tucker was properly served, then his consent to the jurisdiction of the undersigned magistrate judge is required for disposition of the pending motions; if he has not been properly served, then his consent is not required because he would not be considered a party to this action. *See Hard Drive Prods., Inc. v.*

*Does 1–188*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011).

If Plaintiff believes it has properly served Tucker, it has two options for proceeding before the undersigned magistrate judge: 1) by stipulation of all Defendants (except Tucker), Plaintiff may sever Tucker from this action, thus negating the requirement that Tucker consent in this case; or 2) Plaintiff, without Defendants' consent, may dismiss Tucker without prejudice. If neither of these two actions is taken, and assuming substitute service against Tucker was proper, then Tucker's consent would be required for the Court to dispose of the pending motions.

**By no later than Wednesday, July 30, 2014,** Plaintiff shall complete one of the two options set forth above. If Plaintiff fails to do so, and if Tucker's consent remains absent, the Court will reassign the case to a district court judge at that time.

**IT IS SO ORDERED.**

Dated: July 14, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge