1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    LEAGUE OF UNITED LATIN
     AMERICAN CITIZENS INC,                    Case No. 13-cv-04725-JSC

8                  Plaintiff,

9           v.                                 **ORDER GRANTING IN PART ANGEL
                                               AND ARGENTINA LUEVENO'S
10   BERNARDO EURESTE, et al.,                 MOTION FOR ATTORNEY'S FEES;
                                               GRANTING PLAINTIFF'S MOTION
11                 Defendants.                 FOR LEAVE**

                                               Re: Dkt. Nos. 47, 50
12

13          This trademark infringement/fraud action arises out of a dispute involving the membership

14   of Plaintiff League of United Latin American Citizens Inc. ("LULAC").  Now pending before the

15   Court are 1) Defendants Angel and Argentina Luevenos's motion for attorney's fees, and 2)

16   LULAC's motion for leave to file an untimely amended complaint.  After carefully considering

17   the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-

18   1(b), and orders as follows.

19                                     **BACKGROUND**

20          LULAC's initial complaint made federal claims for trademark infringement and false

21   designation of origin, as well as state law claims for common law trademark, unfair competition,

22   fraud, conversion and abuse of process against the Luevenos, Defendant National League of Latin

23   American Citizens ("NLLAC"), and Defendant Bernardo Eureste (collectively, "Defendants").

24   Defendants subsequently moved to dismiss the complaint; specifically, NLLAC and Eureste

25   moved to dismiss for lack of personal jurisdiction, and the Luevanos moved to dismiss for failure

26   to state a claim and to strike pursuant to California Code of Civil Procedure section 425.16, the

27   anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute.  On September 11,

28   2014, the Court granted the motion to strike—but only as to the abuse of process claim—as well

United States District Court
Northern District of California

United States District Court
Northern District of California

as the motions to dismiss, giving LULAC 20 days from the date of the Order to amend its complaint.  The Court warned that "[f]ailure to file a timely amended complaint will mean the claims are dismissed with prejudice."  (Dkt. No. 46 at 12.)  Despite this warning, LULAC failed to timely file an amended complaint; rather, one week after its amended complaint was due, LULAC filed the pending motion for leave to file an amended complaint.  In addition, the Luevanos filed a motion for attorney's fees they assert LULAC owes as a result of their successful motion to strike under the anti-SLAPP statute.

## DISCUSSION

### A.    Motion for Attorney's Fees and Costs

The Luevanos seek $31,374.00 in attorney's fees and costs from LULAC.  That amount includes 1) $12,187 in fees incurred in bringing the motion to strike; 2) a multiplier of 2.0 on those fees; 3) $6,749.50 for fees-on-fees; and 4) $141.08 in costs.  LULAC failed to file an opposition to the motion.  For the reasons explained below, the Court GRANTS in part and DENIES in part the motion for attorney's fees and costs; specifically, the Court GRANTS the request for attorney's fees, but reduces the requested amount by $1,218.25; DENIES the request for a multiplier; GRANTS the request for fees-on-fees, but reduces the amount by $2,625; and GRANTS the request for costs, but reduces the amount by $45.29.  In sum, the Luevanos are granted $10,968.75 in attorney's fees for the partially successful special motion to strike, $4,124.50 in fees-on-fees, and $95.79 in costs.

### 1.    Legal Standard

State law governs attorney's fees awards based on state fee-shifting laws, like California's anti-SLAPP statute.  *See Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011).  Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  Cal. Civ. Proc. Code § 425.16(c)(1); *see also ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001).  "The dual purpose of this mandatory attorney fee award is to discourage meritless lawsuits and to provide financial relief to the victim of a SLAPP lawsuit by imposing the litigation costs on the party seeking to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of

grievances." *City of Los Angeles v. Animal Def. League*, 135 Cal. App. 4th 606, 627 n.19 (2006) (internal quotation marks omitted).  "The defendant may recover fees and costs only for the motion to strike, not the entire litigation." *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008).  But, "an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees" under the anti-SLAPP statute.  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001).

"An award of attorney's fees and costs pursuant to section 425.16(c)(1) must be reasonable." *March v. Twin Cities Police Authority*, 2014 WL 3828172, at *1 (N.D. Cal. Aug. 4, 2014).  "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." *Ketchum*, 24 Cal.4th at 1131–32 (internal quotation marks omitted); *see also Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.").

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *amended on other grounds by* 808 F.2d 1373 (9th Cir. 1987).  The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

In determining a reasonable amount of time spent, the Court should only award fees based on "the number of hours reasonably expended on the litigation" and exclude "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).  "There is no precise rule or formula for making these determinations." *Id.* at 436. "The court necessarily has discretion in making this equitable judgment." *Id.* at 437.

"As the moving party, the prevailing defendant seeking fees and costs bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  To that end, the court may require [a] defendant[ ] to produce records sufficient to provide a

United States District Court
Northern District of California

1  proper basis for determining how much time was spent on particular claims." *Alnor*, 165 Cal.App.

2  4th at 1320 (quotations and citations omitted).

3                    **2.    Analysis**

4        Because the Luevanos partially prevailed on their special motion to strike, they are entitled

5  to a mandatory award of reasonable attorney's fees. *See* Cal. Civ. Proc. Code § 425.16(c)(1).

6  Attached to the declaration of Ligia M. Paramenter, the Luevanos' attorney, is a billing statement

7  that was prepared by Ms. Paramenter. (Dkt. No. 48, Ex. A.) This billing statement is sufficient

8  evidence to provide a proper basis for the Court to determine a reasonable amount of attorney's

9  fees and costs to award.

10        The billing statement shows Ms. Paramenter charged $375 per hour for her services. The

11  Court finds that this is a reasonable hourly rate well within the prevailing market rate in the Bay

12  Area for an attorney with nearly 20 years of experience. *See, e.g., Minichino v. First California*

13  *Realty*, 2012 WL 6554401, at *7 (N.D. Cal. Dec. 14, 2012) (in breach of contract action, requested

14  rate of $555 per hour for partner with fourteen years of experience falls within the range of other

15  recent fee awards in this district). The Court further concludes that Ms. Paramenter spent a

16  reasonable amount of time—32.5 hours—preparing the special motion to strike, responding to

17  LULAC's opposition to the motion to strike, drafting a reply brief in support of the motion to

18  strike, and attending the hearing on the motion. The Court, however, subtracts 10 percent of these

19  hours so as to take account of the Court's denial of the motion to strike with respect LULAC's

20  federal claims, the state-law fraud and unfair competition claims. Because the Luevanos were not

21  successful on their motion to strike those claims, the Luevanos' counsel cannot be compensated

22  for the time she spent on those issues. The Court estimates that 10 percent of the 32.5 hours

23  reflects the time spent on those claims, which are discussed only in short paragraphs in both the

24  motion and the reply. The Court accordingly deducts 3.25 hours from the requested 32.5 hours for

25  a total of 29.25 hours.

26        The Court also denies the Luevanos' request for a 2.0 multiplier. Under California law,

27  "the lodestar is the basic fee for comparable legal services in the community." *Ketchum*, 24

28  Cal.4th at 1132. A court may adjust the lodestar "based on factors including . . . (1) the novelty

                                    4

and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Id.* Although the Court is mindful that the Luevanos' counsel took this case essentially pro bono, the Court does not find it necessary or appropriate to adjust the lodestar in the present matter. The Luevanos' motion to strike the abuse of process claim was in effect unopposed, thereby substantially lessening the degree to which the motion precluded other employment, as well as the novelty and difficulty of the questions involved.

Regarding fess-on-fees, the Court awards the Luevanos $4,124.50 for 10 hours of reasonable attorney time spent on the motion for attorney's fees and costs. The Court, however, denies the Luevanos' request for $2,625 in fees that Ms. Paramenter expected to incur in drafting a reply brief to the fee motion, preparing for the hearing, and appearing in court. Because no opposition was filed and since the Court vacated the hearing on the fee motion, no such expenses were ever incurred.

The Court accordingly awards $10,968.75[1] in attorney's fees for the partially successful special motion to strike and $4,124.50 in fees-on-fees. LULAC accordingly owes the Luevanos $15,093.25 in attorney's fees.

The Court also awards to the Luevanos $95.79 in costs incurred in making copies of the motions and traveling to the courthouse for the hearing on the motion to strike. The Court, however, denies $45.29 in travel costs Ms. Paramenter expected to incur for the motion for attorney's fees; because the hearing was vacated, no such travel costs exist.

**B.    Motion for Leave to File an Untimely Amended Complaint**

In granting LULAC leave to amend, the Court stated unequivocally: "Plaintiff may file an amended complaint within 20 days of this Order. Failure to file a timely amended complaint will mean the claims are dismissed with prejudice." (Dkt. No. 46 at 12.) Having failed to timely file its amended complaint, LULAC moves for leave to file its amended complaint late.[2] "Under

---

[1] 29.25 hours x $375/hour = $10,968.75
[2] LULAC filed its motion for leave under seal. Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil Local Rule 79–5(b). A party must

5

United States District Court
Northern District of California

1   Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge

2   dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for

3   failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. Cal.*

4   *Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). "Pursuant to Federal Rule of Civil Procedure 41(b),

5   the district court may dismiss an action for failure to comply with any order of the court." *Ferdik*

6   *v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273–74

7   (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he

8   district court must weigh the following factors in determining whether a Rule 41(b) dismissal is

9   warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

10  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

11  disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v.*

12  *Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal quotation marks omitted). "These factors

13  are not a series of conditions precedent before the judge can do anything, but a way for a district

14  judge to think about what to do." *In re Phenylpropanolamine Products Liab. Litig.*, 460 F.3d

15  1217, 1226 (9th Cir. 2006) (internal quotation marks omitted) ("*In re PPA*"). Dismissal is

16  appropriate "where at least four factors support dismissal . . . or where at least three factors

17  'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

18      The first two *Hernandez* factors weigh in favor of dismissal. First, "the public's interest in

19  expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Second,

20  "to be able to manage its docket effectively, the Court must be able to dismiss actions without

21  operative complaints which have stalled due to one party's unilateral inaction in meeting court-

22  imposed deadlines." *Gleason v. World Savings Bank, FSB*, 2013 WL 3927799, at *1 (N.D. Cal.

23  July 26, 2013).

24      Regarding the third *Hernandez* factor, "the risk of prejudice to the defendant is related to

25

26  "narrowly tailor[]" its request to sealable material only. *Id.* LULAC neither provided a basis
    under the local rules for sealing its motion nor followed the local rules' procedural requirements.
27  *See* Civil Local Rule 79-5(d) (providing procedural rules and requirements for filing
    administrative motions to seal). LULAC's motion to file under seal is accordingly DENIED.
28  LULAC shall re-file its motion for leave unredacted **by no later than Tuesday, November 4,**
    **2014**.

the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991.

LULAC does not provide a valid reason for failing to timely amend. LULAC states that its

attorney, Xavier R. Baeza, is responsible for missing the deadline:

> Attorney Baeza missed the deadline through inadvertence and mistake. In the process of attempting to comply with the Court's order, Attorney Baeza miss-communicated [sic] with necessary witnesses and did not apprise co-counsel of the issue before the Court. Further investigation and research into the allegations, which comprise the Counts, that was to be amended, showed a pattern of fraud, which could not easily be alleged, in the clear and concise language ordered by the Court. *This led to the inadvertence which caused Attorney Baeza to miss the deadline.* A further miss-understanding with co-counsel, led to a breakdown in communication in that relationship, which further delayed the preparation of the pleadings. Attorney Baeza takes full responsibility for the mistake in missing the deadline, and asks the Court to not punish Plaintiff for his mistake.

(*Id.* at 1-2 (emphasis added).) Later in his declaration, Mr. Baeza offers an additional—though

inconsistent—reason for missing the deadline; namely, he states that, after reading the Court's

order, he believed he had 30 days to file an amended complaint, rather than the 20 days stated

clearly in the Order. The Court, however, does not find this explanation credible. Not only does it

strain credulity to believe that Mr. Baeza thought "20 days" meant "30 days"—especially where

the consequence for a late filing was dismissal with prejudice—but the explanation also conflicts

with Mr. Baeza's insistence that he missed the deadline because of a host of personal and

professional issues. As Mr. Baeza notes in his declaration, he "was prepared to file the amended

complaint on October 10"—the date he claims he thought the amended complaint was due. (*Id.* at

¶ 6.) If Mr. Baeza honestly mistook the due date, there would be no need to go on at length (as

Mr. Baeza does) regarding why the 20 days provided by the Court did not afford enough time in

light of the complexity of the claims and his personal and professional issues. Further, Mr.

Baeza's failure to file a motion for an extension of time (a simple task) *before* the 20 days elapsed

cannot be justified. Mr. Baeza's personal and professional issues were not so great as to preclude

submission of such a basic filing with the Court. Nonetheless, given the absence of any

articulated and concrete prejudice to Defendants arising out of LULAC's unjustified dilatory

conduct, the Court finds that this factor weighs only slightly in favor of dismissal.

United States District Court
Northern District of California

1       The fourth *Henderson* factor—the public policy of favoring disposition of cases on their

2 merits—"normally weighs strongly against dismissal." *Gleason*, 2013 WL 3927799, at *2. "At

3 the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with

4 deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re*

5 *PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor lends little support to a

6 party whose responsibility it is to move a case toward disposition on the merits but whose conduct

7 impedes progress in that direction." *Id.* (internal quotation marks omitted). Although LULAC's

8 conduct has temporarily stalled this litigation, the delay has not been so great or egregious such

9 that it defeats the public policy of favoring disposition of cases on their merits. The Court

10 accordingly concludes that this factor weighs against dismissal.

11       Finally, the fifth factor—the availability of less drastic sanctions—also weighs against

12 dismissal. Although Ninth Circuit caselaw "suggests that a district court's warning to a party that

13 his failure to obey the court's order will result in dismissal can satisfy the 'consideration of

14 alternatives' requirement," *Ferdik*, 963 F.2d at 1262, the Court will give LULAC one more

15 opportunity to timely file an amended complaint before the Court imposes the "harsh" penalty of

16 dismissal that is reserved for "extreme circumstances." *Id.* at 1260.

17       Given that the *Hernandez* factors only slightly favor dismissal, the Court declines to

18 dismiss this case and grants LULAC's request to file an untimely amended complaint. Earlier this

19 month, LULAC stated that it could file its amended complaint "within a week" after being

20 provided leave to do so (Dkt. No. 50 at 7); thus, the Court ORDERS that LULAC file its amended

21 complaint **by no later than Tuesday, November 4, 2014**. Failure to timely file an amended

22 complaint will result in dismissal with prejudice.

23 **CONCLUSION**

24       For the reasons stated above, the Court GRANTS the Luevanos' motion for attorney's

25 fees, and awards the Luevanos $15,093.25 in attorney's fees and $95.79 in costs, for a total award

26 of $15,189.04. The Court also GRANTS LULAC's motion for leave to file an untimely amended

27 complaint and ORDERS LULAC to file its amended complaint by no later than Tuesday,

28 November 4, 2014. Failure to timely file an amended complaint will result in dismissal with

1   prejudice.  Finally, to the extent LULAC moves to file its motion for leave under seal, LULAC's

2   motion is DENIED; LULAC shall re-file its motion for leave unredacted by no later than Tuesday,

3   November 4, 2014.

4          As the Court previously stated, upon the filing of the amended complaint, the case will be

5   stayed to enable the remaining parties to engage in court-sponsored mediation.

6          This Order disposes of Docket Nos. 47 and 50.

7

8          **IT IS SO ORDERED**.

9   Dated: October 28, 2014

10  _____

11  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

United States District Court
Northern District of California

9