UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS INC, | Case No. 13-cv-04725-JSC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| NATIONAL LEAGUE OF LATIN AMERICAN CITIZENS, et al., | Re: Dkt. No. 56 |
| Defendants. | |

Now pending before the Court is Plaintiff's motion for reconsideration of the Court's October 28, 2014 Order granting in part Defendants Angel and Argentina Luevano's motion for attorney's fees and costs. (Dkt. No. 56.) For the reasons stated below, Plaintiff's motion is DENIED.

First, Plaintiff's motion for reconsideration is procedurally improper. Civil Local Rule 7-9(a) provides that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Rather than file a motion for leave to file a motion for reconsideration—as the Local Rules require—Plaintiff prematurely noticed a motion for reconsideration without being granted leave by this Court to do so. Plaintiff's motion is accordingly DENIED on this basis.

Even if Plaintiff's motion were procedurally proper, it would still be denied. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

United States District Court
Northern District of California

United States District Court
Northern District of California

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Plaintiff provides a variety of reasons for why this Court should reconsider its award of attorney's fees, none of which is persuasive.  Plaintiff contends that Defendants' motion for attorney's fees was improper because it violated the Court's oral order to "to refrain from filing papers until after the Court had issued an Order in which the Court ordered Plaintiff to amend it complaint" and because Plaintiff's filing of its amended complaint "cure[d] the offense."  (Dkt. No. 56 at 1-2.)  Neither an order of this Court nor caselaw supports Plaintiff's contentions.   Moreover, to the extent these arguments hold any merit, Plaintiff fails to justify its failure to raise them in an opposition to Defendants' motion. Despite being given an October 1, 2014 deadline to file an opposition to Defendants' motion for attorney's fees, Plaintiff filed no such opposition and did not request any extension of time with the Court to do so.  Plaintiff's attempt to use the passing of its attorney's mother on October 14, 2014 to justify its failure to file an opposition motion two weeks earlier is unpersuasive.

Finally, Plaintiff's laments regarding Defendants' enforcement of the Court's Order and Defendants' negotiating position heading into mediation are not relevant concerns for a motion for reconsideration.  *See Arnold*, 179 F.3d at 665.

For the reasons stated above, Plaintiff's motion is DENIED

**IT IS SO ORDERED**.

Dated: November 12, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge