UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS INC,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL LEAGUE OF LATIN AMERICAN CITIZENS, et al.,<br><br>Defendants. | Case No. 13-cv-04725-JSC<br><br>**ORDER RE: REQUEST FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 60 |

Plaintiff League of United Latin American Citizens Inc. ("LULAC") seeks leave to file a second amended complaint ("SAC"). The Court granted LULAC leave to file a first amended complaint ("FAC") in October after dismissing the complaint for failure to state a claim, among other reasons. (Dkt. No. 46 at 12.) LULAC missed the court-ordered deadline to file that FAC, then filed a sealed motion for leave to file the late-filed FAC under seal. (Dkt. No. 50.) The Court allowed LULAC to file the FAC instead of dismissing the claims, specifically noting that it was giving "LULAC one more opportunity to timely file an amended complaint before . . . impos[ing] the 'harsh' penalty of dismissal[.]" (Dkt. No. 54 at 8.) The Court noted that LULAC's request to file under seal was improper under the Local Rules. (*Id.* at 9.) Accordingly, LULAC filed the FAC in accordance with the newly extended deadline. (Dkt. No. 55.)

Defendants timely answered the FAC. (Dkt. Nos. 61-67.) The same day that Defendants answered, however, LULAC filed the instant request for leave to amend the FAC. As grounds for amendment, Plaintiff's counsel states that he did not adequately amend the allegations and claims in the FAC because (1) he was grieving the death of his mother and other close friends; and (2) he had trouble communicating with co-counsel, whose office is in a different state. Notably, this is not the first time that Plaintiff's lead attorney, Xavier R. Baeza, has offered a host of personal and

professional reasons to excuse his conduct. (*See* Dkt. No. 54 at 7.) Without assessing Mr. Baeza's underlying rationale, the Court addresses defects in the form of LULAC's request: instead of filing a motion for leave to file a second amended complaint, LULAC appears to have styled its request for leave to amend as an ex parte motion for reconsideration of the Court's earlier order granting Plaintiff leave to file the FAC by a certain date. (*See* Dkt. No. 60 at 5.) In its present form, LULAC's request is DENIED because it is procedurally improper for multiple reasons. *See* Civ. L.R. 7-10 (requiring a party filing an ex parte motion to cite a statute, Federal Rule, local rule, or Standing Order that authorizes such filing under the circumstances presented); Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). Should Plaintiff wish to file a second amended complaint, he must do so in the form of a motion—properly noticed under Civil Local Rule 7-2—for leave to file an amended complaint under the standards set forth in Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (noting that Rule 15's policy of granting leave to amend when justice so requires is "to be applied with extreme liberality" (citation omitted)).

This Order disposes of Docket No. 60.

**IT IS SO ORDERED**.

Dated: December 18, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2